# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Peggy S. Kandies, ) | Case No. 2:22-cv-4521-RMG |
| ) | |
| Plaintiff, ) | **ORDER AND OPINION** |
| ) | |
| v. ) | |
| ) | |
| Liberty Mutual Insurance Company and ) | |
| David Long, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 60) recommending that the Court grant Defendant David Long's motion to dismiss and deny Defendant Liberty Mutual Insurance Company ("Liberty")'s motion to strike and Plaintiff's motion for miscellaneous relief. For the reasons set forth below, the Court adopts the R&R as the order of the Court, grants Long's motion to dismiss, denies Liberty's motion to strike, and denies Plaintiff's motion for miscellaneous relief.

## I. Background and Relevant Facts

Plaintiff, proceeding pro se, alleges that Defendants failed to cover Plaintiff's house when it was damaged pursuant to her homeowners' insurance policy. Defendants include Liberty and its CEO, David Long.

Long moves to dismiss Plaintiff's Amended Complaint. (Dkt. No. 42). Plaintiff opposes. (Dkt. No. 45).

After Liberty filed its Answer to Plaintiff's Amended Complaint, Plaintiff filed a "response." Defendant moves to strike Plaintiff's "response" to Liberty's Answer to Plaintiff's

-1-

Amended Complaint (Dkt. No. 48). Plaintiff also moves for miscellaneous relief, claiming that Defense counsel misrepresented the dates of mailings to Plaintiff. (Dkt. No. 53).

On August 3, 2023, the Magistrate Judge issued an R&R recommending the Court grant Long's motion to dismiss and deny Liberty and Plaintiff's above noted motions. (Dkt. No. 60).

Plaintiff filed objections to the R&R, (Dkt. No. 62), to which Long filed a reply, (Dkt. No. 62).

The parties' motions are fully briefed and ripe for disposition.

## II.   Legal Standards

### a.   *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.   Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the Court reviews the R&R de novo.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Long's motion to dismiss should be granted. As noted in the R&R, Plaintiff has not adequately alleged that this Court has personal jurisdiction over Long, Liberty's former CEO. (Dkt. No. 60 at 5-8). While Plaintiff objected to this finding, (Dkt. No. 62), Plaintiff nowhere challenges any specific aspect of the R&R's analysis pertaining to personal jurisdiction. Instead, Plaintiff attempts to allege new facts regarding Long, (*Id.* at 1) (arguing that Long adopted the "delay, deny, defend" tactic, a tactic which Plaintiff argues injured her). Even if the Court could consider such new facts, said facts do not affect the R&R's analysis that Long personally lacks minimum contacts with the State of South Carolina.

As to that portion of the R&R recommending the Court deny Liberty's motion to strike and Plaintiff's motion for miscellaneous relief, a section no party objected to, the Court adopts the R&R's proposed rulings on said motions as the order of the Court.

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 60) as the order of Court and **GRANTS** Long's motion to dismiss (Dkt. No. 42). The Court further **DENIES** Liberty's motion to strike (Dkt. No. 48) and Plaintiff's motion for miscellaneous relief (Dkt. No. 53).

**AND IT IS SO ORDERED.**

-4-

                                                <u>s/ Richard Mark Gergel</u>
                                                United States District Judge

August 23, 2023
Charleston, South Carolina